

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
:
UNITED STATES OF AMERICA,                                        :   14-Cr-26 (ARR)
:
:                                                                    NOT FOR ELECTRONIC
-against-                                                        :   OR PRINT PUBLICATION
:
:                                                                    OPINION & ORDER
VINCENT ASARO, JEROME ASARO, JACK                                :
BONVENTRE, THOMAS DIFIORE, and JOHN                              :
RAGANO,                                                          :
:
Defendants.                                                      :
:
---------------------------------------------------------------- X

ROSS, United States District Judge:

I have reviewed defendant DiFiore's letter motion, submitted through counsel, requesting that I preclude the government from reading email communications between Mr. DiFiore and his counsel. See DE # 96. Having also reviewed the government's responsive letter, DE # 97, I deny Mr. DiFiore's application for the following reasons.

Mr. DiFiore's application relates to email communications between himself and his counsel via the Bureau of Prisons' ("BOP") Trust Fund Limited Inmate Computer System ("TRULINCS"). Mr. DiFiore does not appear to contest the government's position that TRULINCS communications are not protected by attorney-client privilege.[1] Instead, he essentially argues that, because it would be easier to engage in privileged attorney-client

---

[1] The court nonetheless notes its agreement with the government that, because BOP inmates and their counsel are provided with prior warning that their TRULINCS communications will not be treated as privileged and must accept those terms prior to using TRULINCS, their TRULINCS emails do not qualify for the protection of attorney-client privilege. Cf. United States v. Mejia, 655 F.3d 126, 133-35 (2d Cir. 2011) (finding that inmate waived privilege where he was aware that his phone conversation was being recorded by BOP).

1

communications if Mr. DiFiore's TRULINCS emails were protected, Mr. DiFiore's Sixth Amendment right of access to counsel is being unacceptably frustrated.[2]

While the court sympathizes with Mr. DiFiore's and his counsel's concern that it would not only be easier but also more efficient and cost-effective if their communications regarding defense preparation could be conducted through privilege-protected emails, there is insufficient legal basis for the argument that BOP's failure to provide a privileged form of email communication infringes Mr. DiFiore's Sixth Amendment right to counsel. The government's policy does not "unreasonably interfere" with Mr. DiFiore's ability to consult his counsel, as other means of privileged communication remain open to him, including phone calls, mail, and in-person visits with his attorney. See Benjamin v. Fraser, 264 F.3d 175, 187 (2d Cir. 2001) (noting that prison regulations restricting defendants' access to counsel would be unconstitutional where they "unreasonably burden [] the inmate's opportunity to consult with counsel and to prepare his defense") (internal quotation marks omitted). Mr. DiFiore has not alleged any interference with his ability to consult counsel through these other media, other than his counsel's expending time and funds on traveling to visit him and the inconvenience of having to arrange phone calls in advance. In fact, by implementing TRULINCS in recent years, BOP has not placed restrictions on inmates' ability to contact their counsel, but rather it has significantly increased inmates' ability to communicate with the outside world, including with their counsel, even if not currently in a privileged form. Certainly, it would be a welcome development for BOP to improve TRULINCS so that attorney-client communications could be easily separated from other emails and subject to protection. However, I find that any

---

[2] Mr. DiFiore's application also drops in the assertion that monitoring of his emails "violate[s] [his] right to due process" but then discusses only his right to counsel argument. Because there is absolutely nothing to suggest that monitoring Mr. DiFiore's TRULINCS emails violates his due process rights, and Mr. DiFiore's counsel seems to acknowledge this by directing no arguments to this point, I will not further address it here.

2

inconvenience to Mr. DiFiore and his counsel caused by the current system does not rise to the level of a Sixth Amendment violation.

Moreover, I note that there is nothing unique about Mr. DiFiore's circumstances to justify special treatment here. Mr. DiFiore is no different from any other inmate awaiting trial in that there is a "need for him to actively participate with counsel to prepare his defense." DE # 96, at 4. As I have already stated, there are sufficient alternative means available for him to do so. Neither the complexity of the case nor the volume of discovery involved justifies special consideration. If anything, to the extent that Mr. DiFiore's case is any more complicated than average, email would seem to be the least useful means of communication for preparing a defense. Due to the existence of the protective order precluding defendants from obtaining copies of the consensual recordings produced during discovery, it is difficult to see how email could do much to facilitate reviewing these recordings more easily. Finally, Mr. DiFiore's medical issues do not warrant special treatment for his TRULICS communications because, as with legal matters, he may communicate with counsel by other means, and particularly by phone.

For the foregoing reasons, Mr. DiFiore's application is denied, and the government is relieved of its agreement to temporarily refrain from reviewing Mr. DiFiore's emails pending the outcome of this application.

SO ORDERED.

/s/(ARR)
---
Allyne R. Ross
United States District Judge

Dated: July 15, 2014
Brooklyn, New York

3